Gould, J.
The plaintiff sent the note to its correspondent . in Troy, the Commercial Bank, to be collected. The Commercial Bank, before the commencement of banking hours, on the last day of grace, sent the note to the Troy City Bank, at which the note was, by its tenor, payable. The note remained there until between one and two o’clock of the afternoon of that day (their banking hours ending at two), and was then, before two, returned to the Commercial .Bank, unpaid, and the cashier of the latter bank (being a notary), gave the notice' of protest to the indorsers. There were no funds in the City Bank to pay the note, and no formal demand was made.
From this statement, it is entirely apparent that the Commercial Bank expected to collect, and receive at its own counter, the avails of that note, that day, during business hours; i. e., before two o’clock; and had the note not been returned before two o’clock, that bank could properly have supposed the note paid, and that the City Bank held the avails as a debt due to the Commercial. To avoid any mistake of this kind, the City Bank would, before two, return to the Commercial this, as well as all unpaid notes, that the business of the day might be closed within business hours. And whatever questions might arise, had the drawer, just before two o’clock, placed at the Troy City Bank funds to meet the note, we have no such case before us. We have a case in which, for all the. business hours of the day, except perhaps fifteen minutes next before two o’clock, the note was, for all purposes of payment, in the precise condition it would have been, had the Troy City Bank been the holder, instead of receiving it to be paid; to which case the decision in Gillett v. Averill (5 Denio, 85), fully applies. There was no need of the naked formality of a technical demand; the teller demanding of himself payment of a note, to pay which he knew there were no funds. When a *180 case comes before us, where there has been a note protested, during business hours, in such a way that the indorsers might be prejudiced, or that the settled rules of law were clearly infringed, it will be time enough to deny a plain right on a technicality. This is not that case. At two o’clock there were no funds to meet the note; and nobody has been injured by the protest.
The decision of the Supreme Court should be affirmed.
Judgment affirmed.